IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-16-0484** |
| **ROBERT COSTEN,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Robert Costen's Motion to Reduce Sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 1628.) The Court will deny the Motion.

Amendment 821 is a multi-part amendment, and Part A limits the criminal history impact of "status points."[1] Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

The Court has reviewed the record in this case. The Amended Presentence Report indicates that Mr. Costen's criminal history score was 19, but that "[t]he defendant committed the instant offense while under a criminal justice sentence, therefore two points are added." (ECF No. 1126.) His criminal history score was therefore 21, which establishes a criminal history category of VI. (*Id.*) However, because a score of 13 or more results in a criminal history category of VI, Mr. Costen's criminal history category would have been the same even without any added status points. In other words, Mr. Costen's guideline imprisonment range (of 46 months to 57 months) remains

---

[1] The Court presumes that Mr. Costen seeks relief pursuant to Part A, given that he explains that he received "points for being on probation, and points for being incarcerated while catching a charge." (ECF No. 1628.)

unchanged, regardless of his status points. He is therefore not eligible for a sentence reduction. *See United States v. McClain*, Crim. No. 19-165 WBS, 2024 WL 4441931, at *1 (E.D. Cal. Oct. 8, 2024) ("Because defendant's criminal history category has not changed, applying Amendment 821's status point provision does not change his guideline range, and he is not eligible for a sentence reduction."); *United States v. Horton*, Crim. No. 19-125, 2024 WL 1806742, at *1 (W.D. Pa. Apr. 25, 2024) (finding that even where status points were reduced, the adjusted criminal history score "comfortably remain[s] within criminal history category VI, which applies to defendants with a criminal history score of 13 or higher," and that, accordingly, "Defendant is ineligible for relief").

Accordingly, it is ORDERED that Mr. Costen's Motion (ECF No. 1628) is DENIED.

DATED this __6__ day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge