IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-16-0484 |
| ROBERT COSTEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Robert Costen's Motion for Compassionate Release and Motion for Reduction of Sentence Pursuant to Amendment 821. (ECF Nos. 1638, 1640.) The Motions will be denied.

### I. *Motion for Compassionate Release*

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." Prior to filing a motion for compassionate release, a movant is required to exhaust his administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020).

#### A. Administrative Exhaustion

The Government argues that Costen has not exhausted his administrative remedies. Indeed, nothing in Costen's Motion for Compassionate Release suggests that he has exhausted his administrative rights. Further, the Government explains that it has obtained Costen's Bureau of Prisons records, which do not contain an administrative request for compassionate release. On this basis alone, Costen's Motion for Compassionate Release must be denied. *See United States*

*v. Bacon*, 859 F. App'x 678, 678 (4th Cir. 2021) (affirming dismissal of compassionate release motion based on a failure to exhaust administrative remedies).

### B. Extraordinary and Compelling Reasons

In addition, the Government argues that Costen has not established extraordinary and compelling reasons warranting his release. The Court agrees.

Costen explains that his sixteen-year-old son's mother is terminally ill, and that his sister is unable to care for him. (ECF No. 1638.) As he explains: "My son['s] mother is sick, and the doctor said she only has 8 months to live before the cancer kills her, I have my sister watching him until I come home, but she had 5 kids, and she can't afford for him to continue to live with her without some help from me." (*Id.* at 1.) U.S.S.G. § 1B1.13(b)(3)(A) provides that the following may be an extraordinary and compelling reason warranting release: "The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition."

Costen does not provide any records or additional information regarding his son's mother's illness or his son. Further, when the Court directed the Government to address Costen's Motion for Compassionate Release, the Court specifically directed the Government to "state its position on the accuracy of the Defendant's representations concerning health and care issues regarding his family." (ECF No. 1642.) The Government subpoenaed jail calls to assess Costen's claims. (ECF No. 1644 at 6–11.) As the Government explains in its briefing, it appears that Costen's son may be over the age of eighteen, not a minor. (*Id.* at 6–7 (Government brief explaining that the PSR, prepared seven years ago, indicates that Costen's son was eleven at the time, which would make him eighteen today).) However, the Government also explains that there appear to be issues with the son's school attendance, so it is possible that he is a minor. (*Id.* at 9.) The Government also

2

notes that the jail calls do not reflect that his son's mother is ill, as there is no mention of any illness in the various calls reviewed. (*See id.* at 7–11.) Further, it appears that Costen's son may be living alone, or may be living with Costen's sister, but there is no evidence that she is ill or incapacitated. (*Id.* at 8–10.)

Costen did not file any reply and has not otherwise responded to the Government's factual contentions. It is well established that the burden is on a movant seeking compassionate release to demonstrate that "extraordinary and compelling" reasons exist to reduce his sentence. *See United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022) (explaining that the defendant was required to carry his "burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release"); *United States v. Melvin*, 2023 WL 5974872, at *2 (4th Cir. 2023) ("The defendant seeking compassionate release bears the burden of showing that extraordinary and compelling reasons warrant a sentence reduction." (citation omitted)).

Costen does not carry his burden. The record simply does not reflect that Costen's situation rises to the level of an extraordinary and compelling reason, given that it is not clear whether his son is even a minor, that his son's mother is unable to care for him, or that his sister is unable to care for him.

Because Costen has failed to exhaust his administrative remedies and because he has not established extraordinary and compelling reasons warranting his release, his Motion for Compassionate Release will be denied.

## II. *Motion for Reconsideration*

Costen has also filed a Motion for Reduction of Sentence Pursuant to Amendment 821. This appears to be a Motion for Reconsideration. In the Motion, Costen takes issue with a November 2024 Memorandum and Order of this Court denying a prior motion for reduction of

sentence. (*See* ECF Nos. 1628, 1635.) In that Memorandum and Order, the Court explained that Costen was not eligible for a sentence reduction. (ECF No. 1635.) As the Court explained then:

> The Amended Presentence Report indicates that Mr. Costen's criminal history score was 19, but that "[t]he defendant committed the instant offense while under a criminal justice sentence, therefore two points are added." (ECF No. 1126.) His criminal history score was therefore 21, which establishes a criminal history category of VI. (*Id.*) However, because a score of 13 or more results in a criminal history category of VI, Mr. Costen's criminal history category would have been the same even without any added status points. In other words, Mr. Costen's guideline imprisonment range (of 46 months to 57 months) remains unchanged, regardless of his status points. He is therefore not eligible for a sentence reduction. *See United States v. McClain*, Crim. No. 19-165 WBS, 2024 WL 4441931, at *1 (E.D. Cal. Oct. 8, 2024) ("Because defendant's criminal history category has not changed, applying Amendment 821's status point provision does not change his guideline range, and he is not eligible for a sentence reduction."); *United States v. Horton*, Crim. No. 19-125, 2024 WL 1806742, at *1 (W.D. Pa. Apr. 25, 2024) (finding that even where status points were reduced, the adjusted criminal history score "comfortably remain[s] within criminal history category VI, which applies to defendants with a criminal history score of 13 or higher," and that, accordingly, "Defendant is ineligible for relief").

(*Id.*) Costen does not provide any reason for the Court to revisit this conclusion. Instead, he essentially disagrees with the conclusion. For instance, he states that the Court's conclusion "is not true, because there is a very strong possibility it could have changed the sentence" and he "could [have] still received a lower sentence in the same category, so yes it did effect my sentence." (ECF No. 1640.) However, as the Court previously noted, even with a lowered score of 19, his criminal history category would have remained the same and his guideline range would likewise have remained the same. He is therefore not eligible for a sentence reduction under Amendment 821.[1] Accordingly, the Motion for Reconsideration will be denied.

### III. *Conclusion*

---

[1] Costen also argues that the Court gave him too many points, and that his "total offense level was not 19 it was 16 points." (ECF No. 1640.) While Costen is correct, he appears to be conflating the offense level with the criminal history points. His total offense level of 16 combined with any criminal history score above 13 (and here Costen would still have a score of 19 without the two "status points") yields a guideline range of 46 to 57 months, as the Court previously stated.

4

For the foregoing reasons, it is ORDERED that:

1. Costen's Motion for Compassionate Release (ECF No. 1638) is DENIED WITHOUT PREJUDICE; and

2. Costen's Motion for Reduction of Sentence Pursuant to Amendment 821, which the Court construes as a Motion for Reconsideration (ECF No. 1640), is DENIED.

DATED this __16__ day of May, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge